# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| HARRY BARNES, JOHN MURRAY, ROBERT DESROSIER, KENNETH HOYT, and JUDY WHITE, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>3 RIVERS TELEPHONE COOPERATIVE, INC.,<br><br>Defendant. | Cause No. 21-118-GF-BMM<br><br>**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND BARRING FURTHER CLAIMS** |

Plaintiffs and Defendant previously reached a settlement agreement resolving all claims at issue in this litigation.

By order dated February 9, 2023, (Doc. 40), the Court granted preliminary approval of the settlement, certified the settlement class, appointed class representatives, appointed a claim administrator, approved class counsel, approved the proposed class notice, and set a fairness hearing. Previously, the Court had appointed retired United States Magistrate Judge Jeremiah C. Lynch as independent fiduciary to assist the parties in preparing the proposed settlement agreement. (Doc. 36.)

1

The fairness hearing was conducted on April 26, 2023. (Doc. 57.) No class member appeared and objected to the proposed class settlement. The Court was advised that the sole class member opting out of the settlement was the United States Probation Office for the District of Montana due to a perceived conflict of interest. The United States Probation Office for the District of Montana advised the claims administrator that it does not intend to pursue any independent action against defendant 3 Rivers Telephone Cooperative.

The Court was further advised at the time of the fairness hearing that defendant 3 Rivers Telephone Cooperative did not send the notices required by the Class Action Fairness Act ("CAFA") at 28 U.S.C. § 1715(a) and (b) to the appropriate federal and state officials until April 4, 2023. Therefore, the parties requested that the Court defer entry of a final approval order until at least July 3, 2023, to allow the federal and state officials ninety (90) days to appear and object to the settlement. The parties filed a joint report regarding the CAFA notices on July 5, 2023, advising the Court that the notice period required by CAFA had passed and no federal or state official had appeared and objected to the settlement. (Doc. 60.) Therefore, the Court finds that there has been substantial compliance with the requirements of CAFA and it is appropriate to enter an order finally approving the class settlement. *See Adoma v. University of Phoenix, Inc.*, 913 F.Supp. 964, 973 (E.D. Cal. 2012)

The Court hereby incorporates by reference the findings set forth in its order of February 9, 2023, and directs the parties hereto to comply with the terms of the settlement described in (Docs. 37, 38, 38-1, 38-2, and 39). Payment of the remaining balance of the settlement fund described therein shall be made to the claim's administrator within ten (10) business days after entry of this order as specified in the settlement agreement.

Having heard the presentation of class counsel and counsel for Defendant, having reviewed all the submissions presented with respect to the proposed settlement, having determined that the settlement is fair, adequate and reasonable, having considered the motion for an award of attorney fees and costs to class counsel and enhancement payments to the class representatives and having reviewed the materials in support thereof, (Docs. 54 and 55), and being fully apprised in the circumstances, and for good cause appearing,

**THIS COURT FINDS AND ORDERS AS FOLLOWS:**

1. The Court possesses jurisdiction over the subject matter of this civil cause and over all claims raised therein and all parties thereto, including the settlement class.

2. The parties shall effectuate the settlement agreement in accordance with its terms. The Court hereby approves the settlement and finds that the settlement is, in all respects, fair, reasonable, and adequate to the class members in accordance with

the requirements of Rule 23(e)(2), FED. R. CIV. P. It was negotiated at arm's-length between experienced attorneys on both sides, it was facilitated with the assistance of United States Magistrate Judge John Johnston. Thereafter, it was thoroughly reviewed and analyzed by retired United States Magistrate Judge Jeremiah C. Lynch, as court-appointed settlement fiduciary, who submitted his report to the Court recommending that the settlement be approved. (Doc. 39). The settlement is free of any evidence of collusion or other conflicts of interest, or any indicia that the class representatives and their counsel have secured any "disproportionate benefit 'at the expense of the unnamed plaintiffs who class counsel had a duty to represent.'" *See Roes, 1-2 v. SFBCS Management, LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019) (Citation omitted).

3. The parties shall effectuate the settlement agreement in accordance with its terms. The settlement agreement and every term and provision thereof shall be, and is, deemed incorporated herein as if set forth expressly and verbatim and shall have the full force and effect of an order of this court.

4. Mailing and publishing of the class notice was sufficiently informative and gave sufficient opportunity for response, was the best notice practicable under the circumstances, provided due and sufficient notice to the settlement class of the pendency of the action, certification of the settlement class for settlement purposes only, the existence and terms of the settlement agreement, the fairness hearing, and

was effectuated as required by the Court and, accordingly, satisfied the requirements of due process and Rule 23(c)(2)(B), FED. R. CIV. P., the United States Constitution, and other applicable law. Notice of the proposed settlement to appropriate federal and state officials substantially complied with the requirements of 28 U.S.C. § 1715(a) and (b).

5. There have been no objections to and only one opt-out from the settlement by the class members. No federal or state official has appeared and objected to the settlement and the deadline for doing so has expired.

6. For purposes of the settlement and this Final Approval Order, the Court hereby certifies the following settlement class:

> All former members of 3 Rivers Telephone Cooperative, Inc., who were served in the Browning Exchange and who ceased to be members of the cooperative as a consequence of the sale of the Browning Exchange to Siyeh Corporation on December 31, 2020.

The Court is advised that there are approximately 1,863 members of the settlement class.

7. All persons or entities and federal or state officials who have not made their objections to the settlement agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise. Any and all claims of any kind or nature, whether presently known or unknown, against defendant 3 Rivers Telephone Cooperative that arose prior to the date of this order arising out of or relating to

(a)   any factual matters or claims described in the complaint(s) filed by plaintiffs in this civil cause;

(b)   any factual matters or claims described by plaintiffs' brief in support of their motion for preliminary approval of the settlement;

(c)   any other claims within the scope of the notice of settlement mailed to class members; and

(d)   any claims described in the notices sent to the appropriate federal and state officials pursuant to CAFA

are hereby permanently barred, restrained, and enjoined (the "barred claims"). This bar order shall be read broadly to encompass any and all matters relating to or in any way arising out of the barred claims.

8. In accordance with the settlement agreement, within ten (10) business days of the date of this order, defendant shall deposit into the settlement fund the remaining balance of the settlement fund payment, i.e., $9,000,000 less the amount of any advance payments previously paid to the claim administrator.

9. Class counsel moved the Court for an award of reasonable attorney fees in the amount of $2,250,000.00 and for reimbursement of costs and litigation expenses not to exceed $10,000.00. (Doc. 54); (Doc. 55.) The Court hereby grants class counsel an award of reasonable attorney fees in the amount of $2,250,000.00 and for reimbursement of costs and litigation expenses not to exceed $10,000.00. These

amounts are to be paid out of the settlement fund in accordance with the settlement agreement.

10. Class counsel moved the Court for an award of enhancement payments to the Class Representatives in the total amount of $70,000.00. (Doc. 54); (Doc. 55.) The Court hereby grants an award of enhancement payments to the class representatives in the total amount of $70,000.00, with plaintiff Harry Barnes to receive $50,000.00 and plaintiffs John Murray, Robert DesRosier, Kenneth Hoyt and Judy White to receive $5,000.00 each. These amounts are to be paid out of the settlement fund in accordance with the settlement agreement.

11. As soon as practicable following issuance of this order, the claim administrator shall calculate the share of the net proceeds to be distributed to each member of the settlement class and provide an accounting to the parties, in accordance with paragraph 19.a. of the settlement agreement.

12. Within the time set forth in paragraph 19.b. of the settlement agreement, the claim administrator shall mail benefit checks to the class members.

13. The claim administrator shall distribute remainder funds, if any, in accordance with paragraph 19.c. of the settlement agreement.

There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of Court is expressly directed.

DATED this 14th day of July, 2023.

_____

Brian Morris, Chief District Judge
United States District Court